The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALPS PROPERTY & CASUALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MARA A. SNYDER, *et al.* <br><br> Defendants. | Civil Action No. 2:21-cv-859-BJR <br><br> ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

Defendant Robert Keith McKay, individually and on behalf of the former marital community comprised of Robert Keith McKay and Tiffany Ann McKay ("McKay"), moves this Court to dismiss this action or, in the alternative, stay the matter. Plaintiff ALPS Property & Casualty Insurance Company ("ALPS") opposes the motion. Having reviewed the motion and opposition thereto, the record of the case, and the relevant legal authority, the Court will grant the motion and dismiss this action without prejudice. The reasoning for the Court's decision follows.

## II. BACKGROUND

Defendant Mara Snyder is an attorney in Whatcom County, Washington. In May 2019, McKay retained Snyder to represent him in divorce proceedings in Whatcom County Superior Court. McKay alleges that during the representation, Snyder misappropriated approximately $325,000.00 from the marital estate, failed to appear for mediation and settlement conferences, and billed him for motions and filings that were never completed or filed. McKay further alleges that he was forced to retain replacement counsel because of Snyder's alleged misdeeds. Thereafter, McKay filed suit against Snyder in Whatcom County Superior Court, alleging causes of action for breach of fiduciary duty, civil contempt, and conversion and theft ("the Underlying Lawsuit").

ALPS provides professional liability insurance to Snyder ("the Policy"); in May 2021, McKay notified ALPS of the Underlying Lawsuit and sought indemnity under the Policy. ALPS initiated this action pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a judicial declaration that there is no coverage or indemnity under the Policy for the claims asserted in the Underlying Lawsuit. With the instant motion, McKay requests that this Court decline to exercise jurisdiction over the matter and dismiss it or, in the alternative, stay this matter pending resolution of the Underlying Lawsuit.

## III. DISCUSSION

Nearly a century ago, the United States Supreme Court in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) clarified that a district court has broad discretion to stay or dismiss actions seeking declaratory judgment, even when jurisdiction exists. *See Huth v. Harford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir. 2002) ("The exercise of jurisdiction under the Federal Declaratory Judgment Act [] is committed to the sound discretion of the federal district courts.").

As the Supreme Court explained "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Therefore, a district court may choose to abstain from exercising jurisdiction when circumstances warrant it. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). A district court should consider three factors when considering abstention under *Brillhart*: whether doing so will "avoid[] needless determination of state law issues; discourage[e] forum shopping; and avoid[] duplicative litigation." *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

This Court concludes that abstention under *Brillhart* is appropriate here. First, the sole basis for this Court's jurisdiction in this case is diversity jurisdiction. There are no issues of federal law; instead, resolution of this declaratory judgment action requires application of Washington insurance law. *See Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir. 1991) overruled in part on other grounds ("[I]nsurance law [is] an area that Congress has expressly left to the states through the McCarren-Ferguson Act."). And, as the Ninth Circuit has made clear, "federal interest is at its nadir" where "the sole basis of jurisdiction is diversity of citizenship". *Id*. Thus, the first *Brillhart* factor—federal courts should avoid needlessly determining state-law issues— favors abstention in this case.

The second *Brillhart* factor is neutral because there is no evidence that ALPS engaged in forum shopping by filing this action.

The third *Brillhart* factor—avoidance of duplicative litigation—weighs in favor of abstention. Here, ALPS claims that at least some of Snyder's alleged misdeeds are excluded from policy coverage and this determination necessarily turns on resolution of the factual allegations

alleged in the Underlying Lawsuit. In other words, ALPS asks this Court to resolve the very same factual issues already pending in state court, rendering this lawsuit duplicative of the Underlying Lawsuit. ALPS argues that the Underlying Lawsuit is not duplicative of this lawsuit because it is not a party in the state court action. However, complete identity of parties is not necessary to render lawsuits duplicative. *See, e.g.*, *Charter Oak Fire Ins. Co. v. Conway Constr. Co.*, 2014 WL 6655395 (Nov. 24, 2014) (declining to exercise jurisdiction over matter based, in part, on the existence of duplicative litigation in state court even though insurance company was not a party to the state court action). Here, the Underlying Lawsuit and this action indisputably involve identical nuclei of operative facts. Not only would it be a waste of judicial resources to have two courts weigh in on those facts, doing so runs the risk of conflicting outcomes, something that should be avoided where possible.

### IV.   CONCLUSION

For the foregoing reasons, the Court concludes that the *Brillhart* factors weigh in favor of abstention and, therefore, grants McKay's motion and declines to exercise jurisdiction over this matter. The case is HEREBY DISMISSED without prejudice.

Dated this 21st day of October 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge